IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED

MAR 23 2026

ARTHUR JOHNSTON
BY_____ DEPUTY

**LORENZO L. GOFF** PLAINTIFF

v.                                        CIVIL ACTION NO: 1.2UCV 87 TBM-RPM

**CITY OF GULFPORT, MISSISSIPPI;
DETECTIVE LIAM COGLEY, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY;
DETECTIVE LANDON WILLIAMS,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY; JOHN AND JANE DOES 1–10** DEFENDANTS

---

## COMPLAINT

COMES NOW the Plaintiff, **Lorenzo L. Goff**, by and through counsel, and files this

Complaint pursuant to 42 U.S.C. § 1983, and would show unto the Court as follows:

---

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including **42

   U.S.C. § 1983**.

2. This Court has jurisdiction pursuant to **28 U.S.C. §§ 1331 and 1343**.

3. Venue is proper in this Court pursuant to **28 U.S.C. § 1391**, as all events giving rise to

   this action occurred in Gulfport, Mississippi.

---

## II. PARTIES

4. Plaintiff **Lorenzo L. Goff** is an adult resident citizen of Gulfport, Mississippi, residing at:

   **2000 47th Avenue**

   **Gulfport, Mississippi 39501.**

5. Defendant **City of Gulfport, Mississippi** is a municipal entity organized under the laws of the State of Mississippi and is responsible for the policies, practices, and customs of the Gulfport Police Department.

6. Defendant **Detective Liam Cogley** is an officer with the Gulfport Police Department and is sued in his **individual and official capacities.**

7. Defendant **Detective Landon Williams** is an officer with the Gulfport Police Department and is sued in his **individual and official capacities.**

8. Defendants **John and Jane Does 1–10** are additional officers, supervisors, or policymakers whose identities are presently unknown but who participated in or are responsible for the events described herein.

---

III. FACTUAL ALLEGATIONS

9. On or about March 22, 2023 officers with the Gulfport Police Department attempted to serve an arrest warrant on Plaintiff.

10. Plaintiff was approached by individuals he did not immediately recognize as law enforcement, causing him to panic and flee.

11. Plaintiff ran a short distance and climbed over a fence.

12. After regaining his composure, Plaintiff immediately **ceased flight and surrendered.**

13. Plaintiff raised his hands high in the air and froze.

14. Officers ordered Plaintiff to lie flat on the ground, which he **immediately did.**

15. Plaintiff was **fully compliant, offered no resistance, and posed no threat.**

16. Plaintiff's arms were visible at all times, and he expressly advised officers that he had **no weapon.**

17. While Plaintiff was lying **spread-eagle on the ground**, compliant and unarmed, Defendants **Cogley and Williams** approached him.

18. Despite Plaintiff's complete compliance, Defendants **struck Plaintiff with fists and knees,** violently and repeatedly.

19. The force used was **gratuitous, excessive, and objectively unreasonable** under the circumstances.

20. Plaintiff did not resist, did not attempt to flee further, and did not reach for any weapon.

21. After the incident, Plaintiff was criminally charged.

22. Defendants **Cogley and Williams prepared police reports** concerning the incident.

23. In those reports, Defendants **falsely claimed** that Plaintiff failed to comply and reached for a weapon.

24. These statements were **knowingly false** and were made to justify the unlawful use of force and seizure.

25. As a direct and proximate result of Defendants' actions, Plaintiff suffered:

- Physical injuries, including partial impairment;
- Mental and emotional distress, past, present, and future;
- Fear, humiliation, and anxiety.

---

## IV. CLAIMS FOR RELIEF

**COUNT I – EXCESSIVE FORCE (Fourth Amendment)**

**42 U.S.C. § 1983**

26. Plaintiff incorporates all preceding paragraphs.

27. Defendants Cogley and Williams used force against Plaintiff.

28. At the time force was used:

- Plaintiff was **not resisting;**

- Plaintiff was **fully compliant;**

- Plaintiff was **unarmed;**

- Plaintiff was **lying on the ground as ordered.**

29. The use of force under these circumstances was **objectively unreasonable** and violated Plaintiff's rights under the **Fourth Amendment.**

30. No reasonable officer could believe such conduct was lawful under clearly established law.

31. Defendants are **not entitled to qualified immunity.**

---

**COUNT II – FABRICATION OF EVIDENCE / DUE PROCESS**

(Fourteenth Amendment – 42 U.S.C. § 1983)**

32. Plaintiff incorporates all preceding paragraphs.

33. Defendants knowingly made false statements in official reports, including claims that Plaintiff failed to comply and reached for a weapon.

34. These false statements were material and were used to justify the use of force and the charges brought against Plaintiff.

35. Defendants' conduct deprived Plaintiff of liberty without due process of law in violation of the **Fourteenth Amendment.**

---

**COUNT III – MUNICIPAL LIABILITY (Monell)**

AGAINST THE CITY OF GULFPORT**

36. Plaintiff incorporates all preceding paragraphs.

37. The constitutional violations described herein were caused by policies, customs, or practices of the City of Gulfport, including but not limited to:

a. Failure to adequately train officers regarding the use of force;

b. Failure to discipline officers who engage in excessive force;

c. A custom or practice of tolerating or ratifying false reporting;

d. Deliberate indifference to the constitutional rights of citizens.

38. These policies and customs were the **moving force** behind Plaintiff's injuries.

---

## V. DAMAGES

39. Plaintiff seeks compensatory damages for:

- Physical injuries;
- Pain and suffering;
- Emotional distress;
- Mental anguish;
- Loss of enjoyment of life.

40. Plaintiff seeks **punitive damages** against the individual Defendants.

---

## VI. JURY DEMAND

41. Plaintiff demands trial by jury on all issues so triable.

---

## VIII. SERVICE OF PROCESS

42. Defendant **City of Gulfport, Mississippi** may be served with process by serving the Mayor of the City of Gulfport, the City Clerk, **or any person authorized by law to receive service of process**, at:

City of Gulfport

2309 15th Street

Gulfport, Mississippi 39501.

43. Defendant **Detective Liam Cogley**, in his individual and official capacities, may be served with process at the Gulfport Police Department, or wherever he may be found, including:

Gulfport Police Department

2220 15th Street

Gulfport, Mississippi 39501,

**or any person authorized by law to receive service of process.**

44. Defendant **Detective Landon Williams**, in his individual and official capacities, may be served with process at the Gulfport Police Department, or wherever he may be found, including:

Gulfport Police Department

2220 15th Street

Gulfport, Mississippi 39501,

**or any person authorized by law to receive service of process.**

Defendants **John and Jane Does 1–10** are presently unknown and cannot be served until identified. Plaintiff will amend this Complaint to substitute the true identities of these Defendants upon discovery

VII. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court:

- Enter judgment against Defendants;
- Award compensatory damages;

- Award punitive damages (as allowed by law);

- Award costs and attorney's fees pursuant to 42 U.S.C. § 1988;

- Grant such other relief as the Court deems just and proper.

Respectfully submitted,

By: /s/ Michael W. Crosby

LAW OFFICE OF
 MICHAEL W. CROSBY,
ATTORNEY FOR PLAINTIFF

MICHAEL W. CROSBY, NO 7888
Attorney for Plaintiff
Law Office of Michael W. Crosby
2111 25th Avenue
Gulfport, MS 39501
Telephone: (228) 864-1400
Email: michaelwcrosby@bellsouth.net